CHARLES R. AND PATRICIA G. FERRETTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferretti v. Commissioner
Docket No. 7020-80
United States Tax Court
T.C. Memo 1982-375; 1982 Tax Ct. Memo LEXIS 370; 44 T.C.M. (CCH) 364; T.C.M. (RIA) 82375; July 1, 1982
Charles R. Ferretti, pro se. Ronald J. Gardner, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies of $ 804.63 and $ 512 in the petitioners' Federal *371 income tax for the taxable years 1975 and 1976. The issues for decision are (1) whether the petitioners are entitled to a deduction for moving expenses for 1975 in excess of the amount allowed by respondent, and (2) whether the petitioners are entitled to employee business expense deductions for the taxable years 1975 and 1976 which they claimed on their returns. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Charles R. and Patricia G. Ferretti filed joint Federal income tax returns for the taxable years 1975 and 1976. The petitioners resided in Pueblo, Colorado, at the time they filed their petition in this case. In 1975 the petitioners moved from California to Pueblo, Colorado, incurring moving expenses in the amount of $ 739.50. The petitioners were not reimbursed for these moving expenses. The Commissioner allowed the petitioners a deduction in this amount in his statutory notice of deficiency. Mr. Ferretti (references to petitioner in the singular will refer to Mr. Ferretti) worked as a truck driver during the years 1975 and 1976. The petitioner's claimed *372 employee business expenses consist of meals, lodging and parking in connection with his employment as a truck driver. OPINION We will address the petitioner's claimed employee business expenses first. Section 162(a)(2) of the Internal Revenue Code of 1954[1] allows a deduction for traveling expenses incurred while away from home in pursuit of a trade or business, so that the type of expenses that the petitioner claims -- meals, lodging and parking -- do qualify as deductible items. Congress, however, has chosen to require taxpayers claiming these deductions to comply with the stringent substantiation requirements of section 274(d). Section 274 provides in pertinent part as follows: SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. * * * (d) SUBSTANTIATION REQUIRED -- No deduction shall be allowed -- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of *373 such expense * * * (B) the time and place of the travel, entertainment * * * (C) the business purpose of the expense * * *. The substantiation offered by petitioner does not begin to satisfy the requirements of section 274(d). The petitioner has offered this Court no evidence to substantiate his 1975 travel expenses. For 1976 the petitioner offers only his trucking log books. The petitioner testified that he kept records of his traveling expenses on "scratch sheets" which he transferred to his log books from time to time, generally monthly. The petitioner did not offer these scratch sheets into evidence. He also testified that his records were not totally accurate. Before we consider whether such records will satisfy the section 274(d) requirements, however, we must weigh the implications of the following. Penny Thompson, the IRS agent who conducted the audit of the petitioners' 1975 and 1976 returns, testified that when the petitioner's 1976 log books were offered to her in the course of her examination they bore no notations on the backs of the pages, where now we find the petitioner's notations of his travel expenses. This testimony conflicts with the testimony of petitioner. *374 The petitioner never satisfactorily explained this conflict. Under these circumstances, we do not believe the petitioner's testimony and have no confidence in the accuracy of the notations in his log books that purport to represent a contemporaneous journal of his travel expenses. We hold for respondent on the travel expense issue. The remaining issue concerns the petitioners' travel expenses for their 1975 move to Colorado. The petitioners claimed a moving expense of $ 1,787 on their 1975 Federal income tax return. In his statutory notice of deficiency the Commissioner allowed the petitioners the full amount of the expenses which they could document together with a mileage allowance for their personal transportation by auto, a total amount of $ 739.50. The petitioners maintain that they are entitled to the full amount claimed on their return. The petitioners offered this Court no documentary evidence of their expenses and only the vague testimony of the petitioner which, as explained above, we do not believe. Accordingly, we hold for respondent on this issue. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩